ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                    :    SEALED
UNITED STATES OF AMERICA            :    INDICTMENT
                                    :
        - v. -                      :
                                    :    S1 08 Cr. 621
HAJI JUMA KHAN,                     :
    a/k/a "Abdullah,"               :
    a/k/a "Haji Juma Khan           :
         Mohammadhasni,"            :
                                    :
              Defendant.            :
- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/08

COUNT ONE

(Conspiracy To Distribute Narcotics With Intent To Support
An Organization Engaged In Terrorism)

The Grand Jury charges:

### Background of the Conspiracy

### The Taliban

1.  The Taliban began as a radical fundamentalist religious movement that effectively ruled Afghanistan from the mid-1990s until the United States' military intervention in Afghanistan in late 2001. The Taliban imposed on Afghanistan a totalitarian form of government, based on a strict version of Islamic religious law known as Sha'ria.

2.  Since being removed from power in 2001, the Taliban has operated as an insurgent organization, whose goal is to drive the United States and its allies from Afghanistan, and to re-impose Taliban rule on the country. To further its goals, the Taliban has used and uses terrorist tactics, including

suicide bombings, improvised explosive devices, shootings and kidnappings, targeting, among others, American soldiers, Afghan political leaders, security contractors and civilians. The Taliban has publicly claimed credit for such attacks.

3.   On July 3, 2002, the President of the United States named the Taliban to the list of Specially Designated Global Terrorist Groups.

4.   Afghanistan is the world's largest heroin producing and trafficking country, accounting for approximately 90% of the opium poppy used to produce heroin. The Taliban's terrorist insurgency has been funded in part by Afghan drug traffickers who have provided financing to the Taliban in exchange for the protection of drug routes and production facilities, opium poppy fields, and members of the drug trafficking organizations.

### The Defendant

5.   Since at least in or about 1999, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," the defendant, has led an international opium, morphine and heroin trafficking organization (the "Khan Organization"), based principally in the Helmand and Kandahar provinces of Afghanistan.

6.   The Khan Organization has contracted to supply other drug traffickers with morphine base, which can be processed into heroin, in quantities as large as 40 tons. This is enough

to supply the entire United States heroin market for more than two years. The Khan Organization also operates labs within Afghanistan that produce refined heroin, and the organization sells the heroin in quantities of as much as 100 kilograms and more.

7. At all times relevant to this Indictment, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," the defendant, has been closely aligned with the Taliban. Since the United States' military intervention in Afghanistan, KHAN has supported the Taliban's efforts to forcibly remove the United States and its allies from Afghanistan. At all times relevant to this Indictment, KHAN and his organization have provided financial support to the Taliban, in the form of the proceeds of the Khan Organization's drug trafficking activities, in exchange for protection for the organization's drug trafficking operations.

## Statutory Allegations

8. From on or about March 6, 2006, up to and including at least in or about June 2008, in the Southern District of New York and elsewhere, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate Section 960a of Title 21, United States Code.

9. It was a part and an object of said conspiracy that HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," the defendant, and others known and unknown, would and did engage in conduct occurring in and affecting foreign commerce that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States, to wit, the manufacture, distribution, and possession with intent to manufacture and distribute, of one kilogram and more of a substance containing a detectable amount of heroin, a substance containing a detectable amount of morphine base (a schedule II opiate), and a substance containing a detectable amount of opium (a schedule II controlled substance), knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorist activity and terrorism, to wit, the Taliban and its members, operatives and associates, having knowledge that said person and organization has engaged in and engages in terrorism and terrorist activity, which activity violates the criminal laws of the United States, occurs in and affects foreign commerce, and causes and is designed to cause death and serious bodily injury to nationals of the United States, in violation of Section 960a of Title 21, United States Code.

OVERT ACTS

10. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

a. In or about May 2006, a co-conspirator not named as a defendant herein ("CC-1") possessed a Taliban *Fatwa* justifying the killing of Americans.

b. In or about 2007, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," the defendant, engaged in an approximately 700 kilogram morphine base transaction with a co-conspirator not named as a defendant herein ("CC-2").

c. In or about August 2007, a co-conspirator not named as a defendant herein ("CC-3") discussed with CC-2 payment for the aforementioned approximately 700 kilogram morphine base transaction between HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," the defendant, and CC-2.

d. On November 19, 2007, a Taliban suicide bomber carried out an attack on the governor of Nimroz province in Afghanistan, resulting in the death of the governor's son and six others.

e. In or about December 2007, CC-3 provided payments on behalf of HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a

"Haji Juma Khan Mohammadhasni," the defendant, to the Taliban, in Barab Chah, Afghanistan.

    f. In or about January 2008, a co-conspirator not named as a defendant herein ("CC-4") offered to supply another individual not named as a defendant herein with 80 to 100 kilograms of heroin on behalf of HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," the defendant.

    g. On January 25, 2008, the Taliban claimed responsibility for a January 14, 2008 attack on civilians and employees at the Serena Hotel in Kabul, Afghanistan, which resulted in the killing of an American citizen, among others.

    (Title 21, United States Code, Sections 963 and 960a(a), (b)(1), (b)(2), and (b)(3).)

## FORFEITURE ALLEGATION

    11. As a result of committing the controlled substance offense alleged in Count One of this Indictment, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 970, any and all property constituting and derived from any proceeds that the defendant obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to, a sum of money

representing the amount of proceeds obtained as a result of the offense described in Count One of this Indictment.

<u>Substitute Assets Provision</u>

12. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 970, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Sections 960a and 970.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v -

HAJI JUMA KHAN,
a/k/a "Abdullah,"
a/k/a "Haji Juma Khan
Mohammadhasni,"

**Defendant.**

**SEALED INDICTMENT**

S1 08 Cr. 621

(Title 21, United States Code,
Sections 960a, 963 and 970.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
                      Foreperson.