```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                   :
UNITED STATES OF AMERICA           :      SUPERSEDING
                                          INDICTMENT
         - v. -                    :
                                          S2 08 Cr. 621
                                   :
HAJI JUMA KHAN,
     a/k/a "Abdullah,"             :
     a/k/a "Haji Juma Khan
              Mohammadhasni,"      :
     a/k/a "Big Haji,"
                                   :
              Defendant.
- - - - - - - - - - - - - - - - - -X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 21 2009

COUNT ONE

(Narco-Terrorism Conspiracy)

The Grand Jury charges:

Background of the Conspiracy

The Taliban

1.   The Taliban began as a radical fundamentalist religious movement that effectively ruled Afghanistan from the mid-1990s until the United States' military intervention in Afghanistan in late 2001.  The Taliban imposed on Afghanistan a totalitarian form of government, based on a strict version of Islamic religious law known as Sha'ria.

2.   Since being removed from power in 2001, the Taliban has operated as an insurgent organization, whose goal is to drive the United States and its allies from Afghanistan, and to re-impose Taliban rule on the country.  To further its goals, the Taliban has used and uses terrorist tactics, including

suicide bombings, improvised explosive devices, shootings and kidnappings, targeting, among others, American soldiers, Afghan political leaders, security contractors and civilians. The Taliban has publicly claimed credit for such attacks.

3. On July 3, 2002, the President of the United States named the Taliban to the list of Specially Designated Global Terrorist Groups.

4. Afghanistan is the world's largest heroin producing and trafficking country, accounting for approximately 90% of the opium poppy used to produce heroin. The Taliban's terrorist insurgency has been funded in part by Afghan drug traffickers who have provided financing to the Taliban in exchange for the protection of drug routes and production facilities, opium poppy fields, and members of the drug trafficking organizations.

**The Defendant**

5. Since at least in or about 1999, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," a/k/a "Big Haji," the defendant, has led an international opium, morphine and heroin trafficking organization (the "Khan Organization"), based principally in the Helmand and Kandahar provinces of Afghanistan.

6. The Khan Organization has contracted to supply other drug traffickers with morphine base, which can be processed

into heroin, in quantities as large as 40 tons. This is enough to supply the entire United States heroin market for more than two years. The Khan Organization also operates labs within Afghanistan that produce refined heroin, and the organization sells the heroin in quantities of as much as 100 kilograms and more.

7. HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," a/k/a "Big Haji," the defendant, has been closely aligned with the Taliban. After the United States' military intervention in Afghanistan, KHAN has supported the Taliban's efforts to forcibly remove the United States and its allies from Afghanistan. KHAN and his organization have provided financial support to the Taliban, in the form of the proceeds of the Khan Organization's drug trafficking activities, in exchange for protection for the organization's drug trafficking operations.

### Statutory Allegations

8. From at least on or about March 9, 2006 (the effective date of Title 21, United States Code, Section 960a), up to and including at least in or about August 2008, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," a/k/a "Big Haji," the defendant, who was first brought to and arrested in the Southern District of New York, and others known and unknown, unlawfully, intentionally and knowingly did combine,

conspire, confederate and agree together and with each other to violate Section 960a of Title 21, United States Code.

        9.  It was a part and an object of said conspiracy that HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," a/k/a "Big Haji," the defendant, and others known and unknown, would and did engage in conduct occurring in and affecting foreign commerce that would be punishable under Section 841(a) of Title 21, United States Code, if committed within the jurisdiction of the United States, to wit, the manufacture, distribution, and possession with intent to manufacture and distribute, of one kilogram and more of a substance containing a detectable amount of heroin, a substance containing a detectable amount of morphine base (a schedule II opiate), and a substance containing a detectable amount of opium (a schedule II controlled substance), knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorist activity and terrorism, to wit, the Taliban and its members, operatives and associates, having knowledge that said person and organization has engaged in and engages in terrorism and terrorist activity, which activity violates the criminal laws of the United States, occurs in and affects foreign commerce, and causes and is designed to cause death and serious bodily injury to nationals of the United States while the nationals are outside

the United States, in violation of Section 960a of Title 21, United States Code.

## OVERT ACTS

10.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

    a.  In or about May 2006, a co-conspirator not named as a defendant herein ("CC-1") possessed a Taliban *Fatwa* justifying the killing of Americans.

    b.  In or about 2007, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," a/k/a "Big Haji," the defendant, engaged in an approximately 700 kilogram morphine base transaction with a co-conspirator not named as a defendant herein ("CC-2").

    c.  In or about August 2007, a co-conspirator not named as a defendant herein ("CC-3") discussed with CC-2 payment for the aforementioned approximately 700 kilogram morphine base transaction between KHAN and CC-2.

    d.  In or about October 2007, CC-3 provided a payment on behalf of KHAN to the Taliban, in Barab Chah, Afghanistan.

    e.  On November 19, 2007, a Taliban suicide bomber carried out an attack on the governor of Nimroz province in

Afghanistan, resulting in the death of the governor's son and six others.

f.  In or about December 2007, CC-3 provided a payment on behalf of KHAN to the Taliban, in Barab Chah, Afghanistan.

g.  In or about January 2008, a co-conspirator not named as a defendant herein ("CC-4") offered to supply another individual not named as a defendant herein with 80 to 100 kilograms of heroin on behalf of KHAN.

h.  On January 25, 2008, the Taliban claimed responsibility for a January 14, 2008 attack on civilians and employees at the Serena Hotel in Kabul, Afghanistan, which resulted in the deaths of an American citizen and others.

i.  In or about August 2008, a co-conspirator not named as a defendant herein ("CC-5") provided a payment on behalf of KHAN to the Taliban, in Barab Chah, Afghanistan.

(Title 21, United States Code, Sections 963 and 960a(a), (b)(1), (b)(2), (b)(3) and (b)(5).)

## COUNT TWO

### (Narco-Terrorism)

The Grand Jury further charges:

11.  The allegations of paragraphs 1 through 7 and 10 are repeated and realleged as if fully set forth herein.

12.  From at least on or about March 9, 2006 (the effective date of Title 21, United States Code, Section 960a), up

6

to and including at least in or about August 2008, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," a/k/a "Big Haji," the defendant, who was first brought to and arrested in the Southern District of New York, unlawfully, intentionally and knowingly did engage in conduct that would be punishable under Section 841(a) of Title 21, United States Code, if committed within the jurisdiction of the United States, to wit, the manufacture, distribution, and possession with intent to manufacture and distribute, of one kilogram and more of a substance containing a detectable amount of heroin, a substance containing a detectable amount of morphine base (a schedule II opiate), and a substance containing a detectable amount of opium (a schedule II controlled substance), knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorist activity and terrorism, to wit, the Taliban and its members, operatives and associates, having knowledge that said person and organization has engaged in and engages in terrorism and terrorist activity, which activity violates the criminal laws of the United States, occurs in and affects foreign commerce, and causes and is designed to cause death and serious bodily injury to nationals of the United States while the nationals are outside of the United States.

(Title 21, United States Code, Section 960a(a), (b)(1), (b)(2), (b)(3) and (b)(5) and Title 18, United States Code, Section 2.)

## COUNT THREE

### (Conspiracy To Fund Terrorism)

The Grand Jury further charges:

13. From at least on or about June 25, 2002 (the effective date of Title 18, United States Code, Section 2339C) up to and including at least in or about August 2008, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," a/k/a "Big Haji," the defendant, who was first brought to and arrested in the Southern District of New York, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, violations of Section 2339C of Title 18, United States Code.

14. It was a part and an object of said conspiracy, that, from on or about June 25, 2002, until at least in or about August 2008, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," a/k/a "Big Haji," the defendant, and others known and unknown, would and did, by means direct and indirect, unlawfully and willfully provide and collect funds with the intention that such funds be used, and with the knowledge that such funds were to be used, in full or in part, in order to carry out: (a) acts which constituted offenses within the scope of the International Convention Against the Taking of Hostages, to wit, seizing and detaining and threatening to kill, injure and

8

continue to detain another person in order to compel a State, international intergovernmental organization, natural and juridical person, and a group of persons, to do and abstain from doing an act as an explicit and implicit condition for the release of the hostage; (b) acts which constituted offenses within the scope of the International Convention for the Suppression of Terrorist Bombings, to wit, unlawfully and intentionally delivering, placing, discharging and detonating an explosive and other lethal device in, into and against a place of public use, State and government facility, public transportation system, and infrastructure facility, with the intent to cause death and serious bodily injury and to cause extensive destruction of such place, facility, and system, where such destruction results in and is likely to result in major economic loss; and (c) an act intended to cause death and serious bodily injury to civilians, and to other persons not taking an active part in the hostilities in a situation of armed conflict, with the purpose of intimidating a population, and compelling a government and international organization to do and abstain from doing an act; where such funds were directed toward and resulted in the carrying out of such offenses and acts, and the offense took place outside the United States, and was (1) committed in an attempt to compel changes in the policies and conduct of the Government of the United States in relation to the country of

Afghanistan, and (2) committed against nationals and property of the United States, in violation of Section 2339C, Title 18, United States Code.

### OVERT ACTS

15. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

a. In or about January 2006, CC-3 provided a payment on behalf of HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," the defendant, to the Taliban, in Barab Chah, Afghanistan.

b. In or about March 2006, CC-3 provided a payment on behalf of KHAN to the Taliban, in Barab Chah, Afghanistan.

c. In or about October 2007, CC-3 provided a payment on behalf of KHAN to the Taliban, in Barab Chah, Afghanistan.

d. On November 19, 2007, a Taliban suicide bomber carried out an attack on the governor of Nimroz province in Afghanistan, resulting in the death of the governor's son and six others.

e. In or about December 2007, CC-3 provided a payment on behalf of KHAN to the Taliban, in Barab Chah, Afghanistan.

f. On January 25, 2008, the Taliban claimed responsibility for a January 14, 2008 attack on civilians and employees at the Serena Hotel in Kabul, Afghanistan, which resulted in the death of an American citizen and others.

g. In or about August 2008, CC-5 provided a payment on behalf of KHAN to the Taliban, in Barab Chah, Afghanistan.

(Title 18, United States Code, Sections 2339C(a)(1), (a)(2), (b)(2)(C)(i), (b)(2)(C)(iii), (b)(5), (e)(7)(D), and (e)(7)(I).)

## COUNT FOUR

### (Financing of Terrorism)

The Grand Jury further charges:

16. The allegations of paragraphs 1 through 7 and 15 are repeated and realleged as if fully set forth herein.

17. From on or about June 25, 2002 (the effective date of Title 18, United States Code, Section 2339C), up to and including at least in or about August 2008, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," a/k/a "Big Haji," the defendant, who was first brought to and arrested in the Southern District of New York, by means direct and indirect, unlawfully and willfully provided and collected funds with the intention that such funds be used, and with the knowledge that such funds were to be used, in full or in part, in order to carry out: (a) acts which constituted offenses within the scope of the International Convention Against the Taking of Hostages, to wit,

11

seizing and detaining and threatening to kill, injure and continue to detain another person in order to compel a State, international intergovernmental organization, natural and juridical person, and a group of persons, to do and abstain from doing an act as an explicit and implicit condition for the release of the hostage; (b) acts which constituted offenses within the scope of the International Convention for the Suppression of Terrorist Bombings, to wit, unlawfully and intentionally delivering, placing, discharging and detonating an explosive and other lethal device in, into and against a place of public use, State and government facility, public transportation system, and infrastructure facility, with the intent to cause death and serious bodily injury and to cause extensive destruction of such place, facility, and system, where such destruction results in and is likely to result in major economic loss; and (c) an act intended to cause death and serious bodily injury to civilians, and to other persons not taking an active part in the hostilities in a situation of armed conflict, with the purpose of intimidating a population, and compelling a government and international organization to do and abstain from doing an act; where such funds were directed toward and resulted in the carrying out of such offenses and acts, and the offense took place outside the United States, and was (1) committed in an attempt to compel changes in the policies and conduct of the

Government of the United States in relation to the country of Afghanistan, and (2) committed against nationals and property of the United States.

(Title 18, United States Code, Sections 2339C(a)(1), (b)(2)(C)(i), (b)(2)(C)(iii), (b)(5), (e)(7)(D), and (e)(7)(I); and 2.)

## FORFEITURE ALLEGATION

21.   As a result of committing the offenses alleged in Counts One through Four of this Indictment, HAJI JUMA KHAN, a/k/a "Abdullah," a/k/a "Haji Juma Khan Mohammadhasni," a/k/a "Big Haji," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 970, any and all property constituting and derived from any proceeds that the defendant obtained directly and indirectly as a result of the said violations and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One through Four of this Indictment, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses described in Counts One through Four of this Indictment.

### Substitute Assets Provision

22.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

13

       a.    cannot be located upon the exercise of due diligence;

       b.    has been transferred or sold to, or deposited with, a third party;

       c.    has been placed beyond the jurisdiction of the court;

       d.    has been substantially diminished in value; or

       e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 970, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Sections 960a and 970.)

_____
FOREPERSON

_____
LEV L. DASSIN
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

HAJI JUMA KHAN,
a/k/a "Abdullah,"
a/k/a "Haji Juma Khan
Mohammadhasni,"
a/k/a "Big Haji,"

Defendant.

## INDICTMENT

S2 08 Cr. 621

(Title 18, United States Code, Sections 2339C and 2; and Title 21, United States Code, Sections 960a, 963 and 970.)

LEV L. DASSIN
Acting United States Attorney.

A TRUE BILL

_____ Foreperson.

4/21/09 MKG: PSH  11/1/87 Indictment Fld
                  15
6 AWORDJod