UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

USDS·SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1_|_20_|_10_

                - against -                    **MEMORANDUM AND ORDER**

                                               08 CR 621 (NRB)

HAJI JUMA KHAN,

                Defendant.
----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

        This matter is before the Court on the Government's *Ex*
*Parte*, *In Camera*, Under Seal Motion to Protect Classified
Information  Pursuant  to  the  Classified  Information
Procedures  Act  ("Government's  Motion  for  a  Protective
Order"  or  "Motion").  By  its  motion,  the  government
requested  that  the  Court,  pursuant  to  Classified
Information Procedures Act ("CIPA") § 4, Fed. R. Crim. P.
16(d)(1),[1] and the applicable law, authorize the government
not to produce for discovery certain classified information

---

[1] § 4. Discovery of classified information by defendants.  The court,
upon a sufficient showing, may authorize the United States to delete
specified items of classified information from documents to be made
available to the defendant through discovery under the Federal Rules of
Criminal Procedure, to substitute a summary of the information for such
classified documents, or to substitute a statement admitting relevant
facts that the classified information would tend to prove.  The court
may permit the United States to make a request for such authorization
in the form of a written statement to be inspected by the court alone.
If the court enters an order granting relief following such an *ex parte*
showing, the entire text of the statement of the United States shall be
sealed and preserved in the records of the court to be made available
to the appellate court in the event of an appeal. 18 U.S.App. III §4.

1

and allow the government to substitute a summary for production of other classified information.

## I.   Discovery Obligations under CIPA

The Court's analysis under CIPA § 4 requires the Court to first determine whether the information is classified. U.S. v. Abu-Jihaad, No. 3:07CR57, 2008 WL 346121 at *2 (D. Conn. Feb. 4, 2008)(citing United States v. Yousef, 327 F.3d 56, 168 n.78 (2d Cir. 2003); U.S. v. Mejia, 448 F.3d 436, 455 (D.D.C. 2006); U.S. v. Sarkissian, 841 F.2d 959, 965-66 (9th Cir. 1988)).  This can be established through the submission of a declaration to that effect by a government official, as long as the declaration adequately describes the reasons for the information's classification and the harm that would result from disclosure.   Abu-Jihaad, 2008 WL 346121 at *2 (citing U.S. v. Libby I, 429 F.Supp.2d 18, 25 (D.D.C. 2006); United States v. Rahman, 870 F. Supp. 47, 50 (S.D.N.Y 1994)).

If the information is found to be classified, the Court must then determine whether the information is properly discoverable.   CIPA does not expand or contract otherwise applicable rules of discovery or evidence. United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989); See also Abu-Jihaad at *3 ("CIPA was intended to

2

'clarify[]' a court's 'powers under Federal Rule of Criminal Procedure 16(d)(1)' to protect classified information" (quoting S.Rep. No. 96-823, at 6 (1980)).

In determining whether the information at issue is discoverable, the Court must review the information to determine whether any of the information is exculpatory, see Brady v. Maryland, 373 U.S. 83 (1963), or whether the information would otherwise be subject to disclosure in the preparation of a defense. See Fed. R. Crim. P. 16. The Second Circuit has explicitly adopted the "relevant and helpful" standard articulated in United States v. Roviaro, 353 U.S. 53 (1979), as the appropriate standard by which to analyze the discoverability of classified information where, as here, the government has properly invoked their national security and classified information privilege. U.S. v. Aref, 533 F.3d 72, 79-80 (2d Cir. 2008)(finding that the states secrets privilege applies to CIPA cases but that the privilege can be overcome when evidence at issue is material to the defense); see also U.S. v. Stewart, --- F.3d ----, 2009 WL 4975286 (2d Cir. Dec. 23, 2009)(applying Aref and finding "CIPA does not itself create a government privilege against the disclosure of classified information; it presupposes one"). Other circuits agree. Aref, 533

F.3d at 80 (collecting cases); see Abu-Jihaad, 2008 WL 346121 at *4 (collecting cases).

In Aref, the Second Circuit described the analytical framework for the "relevant and helpful" standard. Once a court has determined that information is discoverable, it must determine "whether the state-secrets privilege applie[s] because: (1) there is 'a reasonable danger that compulsion of the evidence will expose ... matters which, in the interest of national security, should not be divulged,' and (2) the privilege is 'lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.'" Aref at 80 (citing U.S. v. Reynolds, 345 U.S. 1, 8, 10, 73 S.Ct. 528 (1953)). If the information is discoverable but privileged, the Court must then apply the Roviaro standard and determine whether the information is "helpful or material to the defense, i.e., useful "to counter the government's case or to bolster a defense.'" Id. (citing U.S. v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993); Stewart, 2009 WL 4975286 at *33).

In applying this standard, "classified information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege" but rather "the threshold for discovery in this

context further requires that ... [the] information ... is at least 'helpful to the defense of [the] accused.'" Yunis, 867 F.2d at 623 (citing Roviaro, 353 U.S. at 60-61). Also, as Roviaro and subsequent cases have pointed out, determinations of Rule 16 discovery in cases like this require a "balancing [of] the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro, 353 U.S. at 628-29; See United States v. Smith, 780 F.2d 1102, 1109-10 (4th Cir. 1985) (applying the balancing test in the context of CIPA Section 6 proceedings); Sarkissian, 841 F.2d at 965; Rahman, 870 F. Supp. at 52-53; Yousef; 327 F.3d 56, 168 (2d Cir. 2003) (finding no error in preventing disclosure of statements of the defendant where the materials contained no exculpatory information in order to protect, in part, "the need for secrecy about how [the government] investigates and responds to terrorist threats").

Where the classified materials contain discoverable information meeting the standard of Roviaro and its progeny, CIPA provides that a court may permit the government to produce the information in a format that will protect the sensitive information:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to

5

be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C.App. III §4. The Court then must gauge the sufficiency of the substitution.[2]

## II. The Government's Motion

In its motion, the government seeks to protect certain information and disclose other information in the form of a classified summary to be delivered to defense counsel. At the outset, we find that the Government's Motion for a Protective Order was properly filed *ex parte*, *in camera*, pursuant to CIPA §4 and Fed. R. Crim. P. 16(d)(1). Accordingly, the Court conducted an *ex parte*, *in camera*, review of the classified motion, memorandum of law, and

---

[2] Though §4 does not explicitly provide a standard by which to judge the sufficiency of such a summary, courts have approached the determination in a similar manner to that required of a summary under §6. See U.S. v. LaRouche Campaign, 695 F.Supp. 1282, 1288 (D. Mass 1988) (finding that the "manifest objective of CIPA governs regardless of whether section 6 or section 4 or section 8 formally applies" and applying "the same [§6] standard in making the section 4 determination . . . regarding disclosure obligations for discovery purposes"). Section 6 requires in the evidentiary context that any summary offered in lieu of material that would otherwise have been produced must "provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C.App. III, § 6(c)(1). Regardless of whether this precise standard is actually applicable under §4, we find that the summary at issue here nonetheless meets the high bar of §6.

6

declarations of United States government officials, as well as of the documents that are the subject of this motion.

At the outset, the Court finds that the materials that are the subject of the Government's Motion contain or involve classified information.[3] This finding is based on our own review of the materials themselves, as well as on a detailed classified declaration submitted by a United States government official.

On the basis of the Court's independent review of the information and the arguments set forth in the Government's Motion for a Protective Order, the Court finds that the classified information referenced in the government's motion implicates the government's national security and classified information privilege because the information is properly classified, extremely sensitive, and its disclosure could cause serious and, in some cases, exceptionally grave damage to the national security of the United States. The government has also properly invoked the states secret privilege pursuant to the Second Circuit's framework as discussed in Aref.

---

[3] Within the meaning of CIPA, "classified information" includes "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security."  18. U.S.C.App. III § 1(a).  "National security" means "the national defense and foreign relations of the United States."  Id. §1(b).

In large measure the classified information reviewed is neither exculpatory, see Brady v. Maryland, 373 U.S. 83 (1963), nor even relevant to the preparation of a defense. See Fed. R. Crim. P. 16. This information is therefore not discoverable.

A small sub-set of the documents reviewed may be relevant to the issues here, but we find that this category is not helpful to the preparation of Khan's defense. Thus we will not compel production of this material either. Even were we to find this sub-set to be marginally helpful, we would still grant the government's motion because the national security damage that would stem from disclosure to the defense, as articulated in the classified declarations of United States government officials, outweighs any arguable need for the classified information at issue, as articulated *ex parte* by defense counsel to the Court and in the defense's filings in this case.

As the government acknowledges, however, some of the classified information is relevant and potentially helpful to the preparation of Khan's defense. With respect to this information, the government has provided a summary as contemplated by CIPA § 4. The Court has reviewed the summary in conjunction with its review of the underlying

8

confidential documents.[4]    After considering all of the information and conferring with defense counsel as to the type of information potentially helpful to the defense, we find that the summary serves as a sufficient substitute under CIPA §4.

Accordingly, as outlined in the accompanying Protective Order, the government's motion to withhold classified information and to provide a classified summary in lieu of disclosure of classified information for such information as may be "relevant and helpful" to the defense is GRANTED.

IT IS FURTHER ORDERED that the government's motion, memorandum of law, and all accompanying declarations and exhibits shall not be disclosed to the defense, and shall be Sealed and maintained in a facility appropriate for the storage of such classified information by the Court Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

_____

[4] After the review, the Court requested that minor additional information be added to the summary.    That request was not an indication that the summary was not at all times an accurate characterization of the information, but rather a reflection of our view that the additional information provides a more fully comprehensive picture of the underlying information.

9

DATED:      New York, New York
            January 19, 2010

                              NAOMI REICE BUCHWALD
                              UNITED STATES DISTRICT JUDGE